UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FREDERICK BANKS,

                        Petitioner,

-against-

SUPERINTENDENT SING SING PRISON;
WARDEN SING SING PRISON;
GOVERNOR NEW YORK; WARDEN
ORLANDO HARPER; GOVERNOR TOM
WOLF; RICH FITZGERALD,

                        Respondents.

20-CV-3073 (CM)

TRANSFER ORDER

---

COLLEEN McMAHON, Chief United States District Judge:

    Petitioner, currently detained in the Alleghany County Jail in Pittsburgh, Pennsylvania, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, seeking to be released in light of the current COVID-19 pandemic. Petitioner purports to file this complaint "on behalf of thousands of inmates confined at Sing Sing Prison N.Y & Alleghany County Jail, Pittsburgh, Pa., Frederick Banks individual and as next friend thereto."

## DISCUSSION

### A.    Petition on His Own Behalf

    In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

    Petitioner is currently detained at the Alleghany County Jail in Pittsburgh, Pennsylvania, which is located in the Western District of Pennsylvania. *See* 28 U.S.C. § 118(c). Therefore, in

the interest of justice, this Court transfers this petition to the United States District Court for the Western District of Pennsylvania. *See* 28 U.S.C. § 1406(a).

**B.     Petition on Behalf of Others**

This Court has repeatedly instructed Petitioner that he lacks standing to bring an action on behalf of other individuals.[1] *See, e.g., Banks v. United States*, ECF 1:19-CV-8829, 3 (S.D.N.Y. Oct. 7, 2019) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) ("The burden is on the 'next friend' to establish the propriety of his status and thereby justify the jurisdiction of the court.")). To the extent Banks seeks relief on behalf of any other individual other than himself, the Court denies the petition.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Western District of Pennsylvania. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this case.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

---

[1] Petitioner has a history of filing frivolous or meritless lawsuits in federal courts. He is barred under 28 U.S.C. § 1915(g) from filing any new civil action *in forma pauperis* while he is a prisoner. *See, e.g., Banks v. Tibco*, ECF 1:14-CV-5270, 4 (S.D.N.Y. Oct. 15, 2014) (noting his litigation history and that he is barred under § 1915(g)). Additionally, the Hon. Loretta A. Preska warned Petitioner Banks that the continued filing of frivolous or meritless lawsuits on behalf of himself or others would result in an order barring him, under 28 U.S.C. § 1651, from filing any new action in this Court without prior permission, *see Banks v. Named Warden, Orange Cnty. Jail*, ECF 1:16-CV-0563, 3 (S.D.N.Y. Mar. 30, 2016), and she also barred him from filing any future submissions on behalf of Bernie Madoff, *see Banks v. United States*, ECF 1:14-CV-7574, 5 (S.D.N.Y. Oct. 31, 2014). That warning remains in effect.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 20, 2020
         New York, New York

                                           COLLEEN McMAHON
                                 Chief United States District Judge